# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Marshall County Coal Resources,**
**Employer Below, Petitioner**

**v.)**     **No. 26-75**     (JCN: 2024015115)
                              (ICA No. 25-ICA-246)

**Joshua Kessler**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Marshall County Coal Resources appeals the December 4, 2025, memorandum decision of the Intermediate Court of Appeals ("ICA"). *See Marshall Cnty. Coal Res. v. Kessler*, No. 25-ICA-246, 2025 WL 3485879 (W. Va. Ct. App. Dec. 4, 2025) (memorandum decision). Respondent Joshua Kessler filed a timely response.[1] The issue on appeal is whether the ICA erred in affirming the Board of Review's order dated May 20, 2025. In its order, the Board of Review modified, in part, the claim administrator's order dated November 1, 2024, which denied the addition of cervical disc displacement/C5-6 bulge and strain of the muscle, fascia, and tendon at the neck level as compensable components in the claim.[2] The Board of Review also reversed the claim administrator's order dated September 9, 2024, which closed the claim for temporary total disability benefits. The Board of Review found that the preponderance of the evidence established that the diagnosis of cervical strain was causally related to the compensable injury. The Board of Review ordered that the claim be remanded to the claim administrator with instructions to address whether the claimant is entitled to additional temporary total disability benefits "considering the additional compensable component in the claim." Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the ICA's decision is appropriate. *See* W. Va. R. App. P. 21.

---

[1] The petitioner is represented by counsel Aimee M. Stern, and the respondent is represented by counsel Sandra K. Law.

[2] Because Mr. Kessler asserted that his preexisting degenerative cervical changes were asymptomatic before the February 22, 2024, injury, the Board of Review applied the principles of *Moore v. ICG Tygart Valley, LLC*, 247 W. Va. 292, 879 S.E.2d 779 (2022), *Gill v. City of Charleston*, 236 W. Va. 737, 783 S.E.2d 857 (2016), and *Blackhawk Mining, LLC v. Argabright*, 251 W. Va. 549, 915 S.E.2d 7 (Ct. App. 2023), to the evidence in this case. The Board of Review ultimately determined that cervical disc displacement and C5-6 bulge were not discrete new injuries and therefore not causally related to the compensable injury.

1

On appeal, the employer argues that the ICA erred in concluding that the Board of Review was not clearly wrong in finding that the preponderance of the evidence demonstrates that the claimant sustained a cervical strain as part of his compensable injury because the medical records document no subjective complaints or objective findings to support such an injury. Instead, the employer contends that medical evidence establishes that the claimant denied neck pain and his physicians consistently documented no abnormal cervical exam findings. The employer further asserts that the claimant did not report neck pain until one month after the injury, and an MRI on April 29, 2024, found the claimant's pain to be consistent with degenerative changes with no acute findings attributable to his head injury. Based on the foregoing, the employer argues that the claimant did not suffer a cervical strain as part of his compensable injury.

The claimant counters by arguing that the Board of Review's and ICA's decisions reversing the denial of the addition of cervical strain as a secondary condition in the claim were not clearly wrong, arbitrary, or capricious. The claimant argues that after weighing all of the evidence, the Board of Review and the ICA correctly found that the preponderance of the evidence establishes that the diagnosis of cervical strain is causally related to the compensable injury. The claimant requests that the ICA's decision be affirmed.

This Court reviews questions of law de novo, while we accord deference to the Board of Review's findings of fact unless the findings are clearly wrong. Syl. Pt. 3, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024). Upon consideration of the record and briefs, we find no reversible error and therefore summarily affirm. *See* W. Va. R. App. P. 21(c).

Affirmed.

**ISSUED: June 23, 2026**

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice H. L. Kirkpatrick
Justice James W. Flanigan